U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 10 2014
CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENENE WILLIAMS A/K/A JENENE HOUSE OF WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:14-CV-358-A |
| JUSTICE OF PEACE PRECINCT 7, ET AL., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
## ORDER

On July 8, 2014, the court ordered plaintiff, Jenene Williams a/k/a Jenene House of Williams, to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of this court, and warned that failure to comply with the order may result in imposition of sanctions, including dismissal of the action, without further notice. Plaintiff has failed to comply with that order, and the court has concluded that no lesser sanction than dismissal for want of prosecution would adequately address that failure.

I.

### Background

Plaintiff initiated this action in the District Court of Tarrant County, Texas, 17th Judicial District, on May 8, 2014, by a document titled "Original Petition and Affidavit Of Fact to

Vacate and Set Aside Judgment and Writ of Possession." The defendants named were Justice of Peace Precinct 7 ("Justice of Peace"); JP Morgan Chase Bank, N.A. ("JP Morgan"), and Branston Properties LLC ("Branston"). The allegations of the pleading did not make sense, but one might speculate that plaintiff was seeking some kind of relief from a foreclosure on real property and a writ of possession order issued by Justice of Peace. The pleading requests that a writ of possession be vacated and the "property be re-conveyed to Sixela, Inc. immediately." Notice of Removal, Ex. A-2 at 4.

In the notice of removal filed by JP Morgan on May 20, 2014, JP Morgan had difficulty defining the nature of the claims made by plaintiff in her state court pleading, but did satisfy the court that the court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

On May 27, 2014, JP Morgan filed a motion to dismiss for failure of plaintiff to state a claim upon which relief can be granted. As JP Morgan correctly asserted in its motion and supporting brief, plaintiff failed to allege any facts that would, if accepted as true, support a conclusion that she has any cause of action against any of the named defendants. On June 26, 2014, and again on July 3, 2014, plaintiff filed documents titled "Notice And Demand To Strike Response From J.P. Morgan Chase

2

Bank, N.A. Motion To Dismiss For Failure To State A Claim Due To Jurisdiction Challenge," which the court treated as a response to JP Morgan's motion to dismiss.

Rather than to address the merit of the motion to dismiss, the court issued an order denying the motion and directing plaintiff by August 7, 2014, to file an amended complaint that complies with the Federal Rules of Civil Procedure and Local Rules of this court. The order cautioned plaintiff that failure to comply with it may result in the imposition of sanctions, including dismissal, without further notice.

The only thing plaintiff filed by August 7, 2014, was a document titled "Re: Judgment And Writ Of Possession JP07-14E00073404 Original Petition and Affidavit Of Fact to Vacate And Set Aside Judgment and Writ of Possession." Its contents were basically a repeat of the things plaintiff put in her state court pleading. In other words, she failed to comply with the directive of the July 8, 2014 order that by August 7, 2014, she file an amended complaint that complies with the Federal Rules of Civil Procedure and Local Rules of this court. The document plaintiff filed on August 7, 2014, made no more sense than the one she filed in state court.

Since August 7, 2014, plaintiff has filed several additional documents. On August 12, 2014, she filed three documents, one

titled "Notice And Demand To Strike Response From J.P. Morgan Chase Bank, N.A. Motion To Dismiss For Failure To State A Claim Due To Jurisdiction Challenge," another titled "Writ in the Nature of Discovery and Disclosure," and another titled "Amended Original Petition and Affidavit of Fact to Vacate and Set Aside Judgment and Writ of Possession." None of those documents provided assistance to the court in understanding the nature of any cause of action plaintiff might be seeking to assert, much less the factual basis for any such cause of action. On August 27, 2014, plaintiff filed a document titled "Freedom of Information Act Request Affidavit and Rule 12 Challenge," which provided no clarity.

On August 21, 2014, Justice of Peace filed a motion to dismiss asserting lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. On August 22, 2014, JP Morgan filed a motion to strike based on the failure of plaintiff to comply with the July 8, 2014 order. On August 29, 2014, Branston filed a motion to dismiss for failure to state a claim upon which relief can be granted.

On September 9, 2014, plaintiff filed a document titled "Notice And Demand To Object To Response From Defendant Branston Properties, LLC Motion To Dismiss For Failure To State A Claim

4

And Brief In Support." In that document, plaintiff repeats some of the assertions she made in her state court pleading, which were again stated in the document she filed on August 7, 2014.

Plaintiff has yet to file anything that could be interpreted to be a meaningful effort to comply with the directive of the July 8, 2014 order that she file by August 7, 2014, an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of this court.

II.

Analysis

A. Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court

must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B.  <u>Dismissal for Failure to Comply with the Directive of the July 8 Order is Appropriate at This Time</u>

Though the pending motions of defendants appear to have merit, the court has concluded that the appropriate action to be taken at this time is to dismiss the action for want of prosecution based on the failure of plaintiff to comply with the July 8, 2014 order. The court was careful in the July 8 order to

6

call plaintiff's attention to the basic holdings of the Supreme Court in Twombly and Iqbal and to explain to plaintiff that she was obligated in her amended complaint to allege sufficient facts to show that she had a right to relief that was plausible; and, the court added that the court does not accept conclusory allegations as true. She was ordered to re-plead by July 7, 2014, consistent with the federal requirements. She has failed to do so, and has not filed anything to indicate that there are any facts that would support the grant of relief in favor of plaintiff against any of the defendants.

The court has concluded that no lesser sanction than dismissal of all plaintiff's claims and causes of action would adequately address her conduct in failing to comply with the July 8, 2014 order.

III.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against Justice of Peace, JP Morgan, or Branston be, and are hereby, dismissed.

SIGNED September 10, 2014.

JOHN McBRYDE
United States District Judge